Richard G. Himelrick (004738)
TIFFANY & BOSCO, P.A.
Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
Telephone: (602) 255-6000
Facsimile:   (602) 255-0103
rgh@tblaw.com

*Special Master*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| SGD Engineering Limited, an Israeli corporation,<br><br>             Plaintiff,<br><br>vs.<br><br>Lockheed Martin Corporation Incorporated, a Maryland corporation,<br><br>             Defendant. | Case No.: 2:11-cv-2493-DGC<br><br>**Special Master's Preliminary Report and Recommendation** |

## 1.     Introduction

Defendant Lockheed Martin Corporation contracted to build an aircraft pod for Toshiba.  The pod was to house radar equipment on F-15 military aircraft.  Lockheed subcontracted construction of the pod to Plaintiff SGD Engineering Ltd.  SGD sued Lockheed for allegedly breaching the subcontract by refusing to pay in full for SGD's work.   Lockheed counterclaimed for lost profits and liquidated damages it incurred to Toshiba because of SGD's allegedly untimely and defective performance.

In connection with the parties' document production, Lockheed served a privilege log.  Lockheed revised the privilege log several times in response to objections and

1  concerns expressed by SGD.  After the parties were unable to resolve their differences
2  over the sufficiency of Lockheed's Fourth Privilege Log, the Court appointed me as a
3  special master to prepare a report and recommendation.  See Doc. 64.
4       Lockheed's Fourth Privilege Log contains 653 entries.  Objections were
5  withdrawn and the documents produced for 147 entries, leaving 506 entries in dispute.
6  Many, probably most of the entries, involve multiple documents.
7       Shortly after my appointment, I scheduled a telephone conference with the parties.
8  During the conference, the parties summarized their positions and agreed upon a schedule
9  to brief their positions.  So that I could better understand the controversy, I ordered the
10 parties to each select five documents listed on the privilege log to be produced for me to
11 confidentially review.  See Doc. 65.  The parties designated the documents as ordered,
12 and Lockheed provided them to me.
13      On March 22, 2013 SGD filed its opening memorandum.  See Doc. 66.  Lockheed
14 responded on March 27, 2013.  See Doc. 69.
15      Lockheed's Response did not address SGD's objections.  Instead, Lockheed
16 focused exclusively on what it called a fraudulent document that was attached as Exhibit
17 O to SGD's Opening Memorandum.  Lockheed's Response asked that SGD's claims be
18 dismissed and that Lockheed be awarded fees and costs.  A few days later, Lockheed
19 filed a Motion for Sanctions in which it renewed its request for dismissal with fees and
20 costs.  See Doc. 71.
21 **2.     SGD's Erroneous Summary**
22      The SGD document that is in dispute is a composite exhibit that is attached as
23 Exhibit O to SGD's Opening Memorandum (Doc. 66).  SGD represented that Exhibit O
24 was a copy of Lockheed's Fourth Privilege Log with an additional column added to list
25 SGD's objections to Lockheed's privilege claims.  But as Lockheed points out, at least 32
26 of the entries are erroneous.  These errors are in the column that contains Lockheed's
27 description of the basis for its privilege claims.  In general, the errors involve omitted
28 words that added detail to the basis for Lockheed's privilege claims.

1   SGD does not dispute the errors in the summary exhibit that it prepared.  SGD
2  filed a Notice of Errata (Doc. 70) admitting the errors.  SGD candidly admitted that it
3  could not reconstruct how the errors occurred.  See id. at 2.
4   SGD had no incentive to create a misleading exhibit.  The nature of the errors is
5  such that they would be immediately obvious to Lockheed and would deflect attention
6  from the privilege-log issues on which SGD wants a ruling.  Besides that, SGD made no
7  attempt to hide the correct version of Lockheed's privilege log. To the contrary, Exhibit
8  N to SGD's Opening Memorandum (Doc. 66) is a correct copy of Lockheed's Fourth
9  Privilege Log.  For these reasons, I find that SGD's errors were unwitting and occurred
10 without any intent to mislead.
11   It is also significant that Lockheed did not meet or confer with SGD about SGD's
12 errors before Lockheed filed its Response requesting sanctions.  If that had been done, it
13 seems almost certain that SGD would have conceded the mistake and would have filed a
14 corrected exhibit as was done when SGD discovered its mistake. That would have
15 expedited matters and allowed the parties to move forward on briefing the privilege-log
16 issue on which I was assigned to report.  Instead, the case has been stalled because of
17 Lockheed's requests for sanctions.
18   Finally, I note that I did not rely on SGD's erroneous exhibit or waste time
19 because of it.  The only time that I spent regarding SGD's erroneous exhibit is
20 attributable to Lockheed's requests for sanctions.
21   Under these circumstances—involving unintentional errors that were promptly
22 acknowledged and corrected—I recommend that Lockheed's Motion for Sanctions (Doc.
23 71) be denied.
24 **3.   Lockheed's failure to respond to SGD's objections.**
25   Lockheed's Response (Doc. 69) focused exclusively on SGD's erroneous exhibit.
26 Lockheed did not respond to the alleged deficiencies in its privilege log that were briefed
27 by SGD.
28

3

On March 28, 2012, I prepared a Memorandum to Counsel, Exhibit A, that explained that Lockheed needed to respond to SGD's objections.  A response is needed to enable me to prepare a report and recommendation on the sufficiency of Lockheed's privilege log.  In my Memorandum to Counsel I explained some of the major issues that I wanted Lockheed to address in a supplemental brief.  Those issues, and other objections raised by SGD, still require a response from Lockheed.

In its Motion for Sanctions, Lockheed states that it will file a supplemental response by April 5, 2012.

**4.     Recommendation**

I recommend that (1) Lockheed's Motion for Sanctions be denied, (2) Lockheed be allowed until April 5, 2013 to file a complete response to SGD's objections, and (3) SGD be given until April 10, 2013 to file a reply.  I request that the time for my final report and recommendation be extended to April 17, 2013.

Dated: April 1, 2013.

 s/ Richard G. Himelrick
Richard G. Himelrick
TIFFANY & BOSCO, P.A
Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016

*Special Master*

4

**CERTIFICATE OF SERVICE**

1

2   I hereby certify that on April 1, 2013, I electronically filed the foregoing with the
3   Clerk of the Court using the CM/ECF system which will send notification of such filing
4   to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify
5   that I have mailed the foregoing document or paper via the United States Postal Service
6   to the non-CM/ECF participants indicated on the Manual Notice list.
7   I certify under penalty of perjury under the laws of the United States of America
8   that the foregoing is true and correct.

9
10                    *s/ Shelley Boettge*
                      Shelley Boettge
11
12
13  540262